Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

Southern District of California ▼

_____ Division

| | | |
|---|---|---|
| Dwayne Lucious | ) | Case No. **'22CV1261 JAH NLS** |
| | ) | *(to be filled in by the Clerk's Office)* |
| **Plaintiff(s)** | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | Jury Trial: *(check one)* ☑Yes ☐No |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| Pennie K. Mclaughlin | ) | |
| | ) | |
| **Defendant(s)** | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names. Do not include addresses here.)* | | |

FILED

Aug 26 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ MariaF        DEPUTY

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | DWAYNE LUCIOUS |
| Address | PO BOX 17651 |
| | SAN DIEGO      CA      92177 |
| | *City*      *State*      *Zip Code* |
| County | SAN DIEGO |
| Telephone Number | |
| E-Mail Address | LUCIOUSLOGISTICSLLC@GMAIL.COM |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | PENNIE K. MCLAUGHLIN |
| Job or Title *(if known)* | COMMISSIONER |
| Address | 1100 UNION ST |
| | SAN DIEGO      CA      92101 |
| | *City*      *State*      *Zip Code* |
| County | SAN DIEGO |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity     ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | *City*      *State*      *Zip Code* |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity     ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3

Name

Job or Title *(if known)*

Address

|  | City | State | Zip Code |
|---|---|---|---|

County

Telephone Number

E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Address

|  | City | State | Zip Code |
|---|---|---|---|

County

Telephone Number

E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? CIVIL RIGHTS VIOLATION/ VIOLATION OF DUE PROCESS / VIOLATION OF EQUAL PROTECTION OF LAWS/ VIOLATION OF PRIVACY / VIOLATION OF FIFTH AND 14 AMENDMENTS OF THE US CONSTITUTION BY COMMISSIOINER PENNIE K MCLAUGHLIN ACTING UNDER THE COLOR OF STATE LAW IN SAN DIEGO CALIFOTNIA FAMILY COURT

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

"General Negligence,"    "Failure to Use Reasonable Care when handling legal a matter,"   Conspired to violate Dwayne Lucious Federal  Rights   '42 U.S.C. 1983'   and Privacy Rights,"    "Violation of Federal Civil Rights    '42 U.S.C 1983, Abuse of Process/ Judicial Misconduct from Pennie K. McLaughlin( See attachment D for continuance)

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?
San Diego Superior Court
Dept. 803

B.   What date and approximate time did the events giving rise to your claim(s) occur?
10/29/2020 & 4/29/2021

C.   What are the facts underlying your claim(s)? *(For example: What happened to you?  Who did what?
Was anyone else involved?  Who else saw what happened?)*
Commissioner Pennie K. Mclaughlin Discriminated against Dwayne Lucious while presiding over his child support case because he is Male/Man and the other party Sharayah Horne being a Female/Woman. Pennie K. Mclaughlin has been prejudice and biased against Dwayne Lucious and other males like him. She done this by not following the Constitution, Rule of Law, Evidence Codes, Rules of Court, The Canon, Code of Civil Procedure, and many other statutes. On 10/29/2020 Pennie K. Mclaughlin allowed evidence into the Court on behalf of Petitioner the County of San Diego to enforce a child support judgment without that evidence being served on Dwayne Lucious. This violated 28 U.S.C. 1738B & California Rules of Court 8.817 & 5.96(a). Filing and serving any and all document in regards to Peitioner Request to modify Child Support must be done.The County of San Diego never filed or served any evidence or filed that evidence with the Court. (See Exhibit 1-Register of Actions). During the child support evidentiary hearing Pennie Mclaughlin talked rudely and disrespectful towards Dwayne Lucious and actually muted/silenced Dwayne Lucious from properly giving a defense and objecting to the evidence used against him which was a paragraph (See Exhibit 2-Transcripts)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Violation of Civil Rights/ Violation of Due Process and Equal Protection of Laws, Violation of Privacy. Dwayne Lucious private information was shared with third parties without his consent because of Pennie K. McLaughlin. There is a illegal child support order against Dwayne Lucious as a result of Commissioner Pennie K. McLaughlin violating Dwayne Lucious Civil Rights and Equal protection of Laws. Dwayne Lucious had his money garnished from him. Dwayne Lucious went into debt as a reslut of Pennie K. Mclaughlin actions on 10/29/2020 and 4/29/2021. All from Pennie K. McLaughlin operating under the color of law.( Violation of 28 U.S.C. 1738B(c)(2).

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

$500,000.00 and actual damages & punitive damages. Pennie K. McLaughlin needs to be held accountable and punsihed for intentionally violation Dwayne Lucious Civil Rights and Due Process and Equal protections of Laws Rights. Pennie K. McLaughlin new she was violating the Law and continued to operate on her own behalf when Pennie K. Mclaughlin went to Law School and should know the laws and procedures.  Dwayne Lucious had his wages garnished and his taxes taken away as a result of the Child Support order on 10/29/2020 and 4/29/2021. Pennie K. McLaughlin needs to be held accountable for her actions. Declaratory  Relief and Judgment and Injunctive Relief and Judgment pertaining to the Child Support Case #DF215239/200000000286543.  Dwayne Lucious civil rights and liberities where taken away as a result of Pennie K. McLaughlin actions. Dwayne Lucious was not treated fair or just. Pennie K. McLaughlin new the law and decided not to follow the law intionally. Dwayne Lucious request compensatory damages and relief for putting Dwayne Lucious into debt without following the law.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    8/25/22

Signature of Plaintiff

Printed Name of Plaintiff    Dwayne Lucious

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

# ATTACHMENT D
# CONTINIUED

Violation "Right to Privacy – Intrusion Into Private Affairs," and "Professional Negligence" causes of action against Commissioner McLaughlin. This complaint/lawsuit arises from a child support case and concerns court orders and procedures issued on October 29, 2020, and April 29, 2021. Pennie K. Mclaughlin did not uphold The US Constitution when performing her job duties. Pennie K. McLaughlin has acted like she is above the law and Commissioner Pennie K. McLaughlin did not follow the law, the Constitutions, Rules of Court, and California Statutes when presiding over Dwayne Lucious Child Support Case on 10/29/2020 and 4/29.2021

"Pennie K. McLaughlin failed to act with the standard of care to recognize Dwayne Lucious Civil Rights, Due Process and Equal Protection of Laws and to apply California Statutes and the Rules of Court when making her judgments/court order on 10/29/2020 and 4/29/2021  while acting under the color of law. Pennie K. McLaughlin showed no respect or regards to Dwayne Lucious Civil Rights. Commissioner Pennie K. McLaughlin violated the  California Statutes, The California and Federal Constitution,and Rules of Court when she made her judgments and court order on 10/29/2020  and 4/29/2021. Pennie K. McLaughlin Discrimination against Dwayne Lucious on the grounds that he is a Male/Man and a Self Represented litigant on 10/29/2020 and 4/29/2021. Pennie McLaughlin conspired with Chris Uvieghara on 10/29/2020 and 4/29/2021 to violate Dwayne Lucious right to privacy and allow Dwayne Lucious private data, information, and financial documents to be exposed violating California Statutes and Privacy Laws.  "Pennie K. McLaughlin allowed discovery on 4/29/2021 after the trial date of 10/29/2020 which violated California Civil Procedure Statutes and Rules of Court. Pennie K. McLaughlin denied Dwayne Lucious the right to object to the evidence presented on 10/29/2020  by muting him through aa civil trial she presided over.

Dwayne Lucious had a reasonable expectation of privacy with regards to his financial information pursuant to The California Financial Information Privacy Act, California Consumer Privacy Act and California Privacy Act. Pennie McLaughlin allowed for the intentional intrusion of Dwayne Lucious financial information and data with Marten Transport without Dwayne Lucious consent, knowledge, or opportunity to opt out of sharing his personal  information therefore violating Due Process and Equal Protection of Laws. Pennie McLaughlin allowing the intrusion is highly offensive to any reasonable person. She was responsible and acting under the color of Law. Dwayne Lucious was harmed by Pennie K. McLaughlin conduct of the intrusion of his private information by violating his California and constitutional rights equal protection of laws and due process and most of all his privacy. Dwayne Lucious brought these procedure , statutes, and constitutional violations to Pennie K. McLaughlin attention through Judicial Notice and she ignored Law and Statues actually muted him from speaking

further violating Dwayne Lucious 1st Amendment Right to freedom of speech. Commissioner Pennie K. McLaughlin was acting under the color of Law. Dwayne Lucious civil rights where violated by Pennie McLaughlin. Pennie McLaughlin intentionally made court orders/judgments while acting under the color of Law violating the Rules of Court, Due Process and Equal Protection of Laws and California statutes. After Dwayne Lucious brought these violations to Pennie McLaughlin attention that his rights where being violated and that she was not following procedure she ignored all California Codes that the Legislation and judicial branch put into Law. Pennie McLaughlin conduct while presiding over Dwayne Lucious child support case on 10/29/2020 and 4/29/2021 violated Dwayne Lucious Right to Privacy, Civil Rights, Due Process/Equal Protection of Laws and California as well as The Federal Constitution. Dwayne Lucious is a citizen of The United States as well as California and falls within the jurisdiction in the Laws within. Dwayne Lucious was harmed and unjustly treated and that Pennie McLaughlin intentionally wrongful act while acting under the color of Law in her individual capacity was a substantial factor in causing Dwayne Lucious harm and the deprivation of his rights.

Dwayne Lucious Civil Rights where violated and Pennie McLaughlin conduct and actions was a substantial factor in causing Dwayne Lucious these violation of his Civil Rights. Dwayne Lucious was harmed by Pennie McLaughlin actions in conspiring to intentionally violate Dwayne Lucious Civil Rights guaranteed to him by the US and California Constitution. Pennie K. McLaughlin had a duty to be non bias and impartial when making her judgments/court orders and to uphold the Rule of Law. However, she did not on 10/29/2020 and 4/29/2021. "Pennie K. McLaughlin conduct while dealing with Dwayne Lucious through litigation have been disrespectful rude and showed total disrespect to California Statutes and Case Law and has not shown herself in a professional manner.

Pennie K. McLaughlin violated 28 U.S.C. 1738B(c)(2). By allowing evidence not served and filed to be used to make her Court Order/Judgment. And actually muted Dwayne Lucious from giving a proper defense.

# STATEMENT OF CLAIM
# ATTACHMENT C
# CONTINIUED

on a peace of paper that was never filed or served.(See Exhibit 2-Transcripts & Exhibit 1-Register of Actions) Misstates the testimony Evid.Code 210 & 403; Lack of Foundation/ No Personal Knowledge Evid.Code 702(a) and Inadmissible Speculation and Conclusion Evid.Code 400, 403, &410. After the illegal Child Support Order on 10/29/2020 on the basis of Pennie k. McLaughling discriminating against Dwayne Lucious and violating Dwayne Lucious Constitutional Rights to Due Process and Equal Protection of Laws Pennie McLaughlin further acted with malice and corrupt intentions. Pennie McLaughlin made another court order for The Petitioner the County of San Diego to conduct discovery and subpoena Dwayne Lucious income, w-2, and private financial information after the evidentiary hearing and Court Order on 10/29/2020 which violated Code of Civ Procedure 2024.020. This violated Dwayne Lucious right to privacy pursuant to California Constitution, Article 1, section 1. All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy;In Griswold v. Connecticut 381 U.S. 479, the Court held that the right of privacy within marriage predated the Constitution. The ruling asserted that the First, Third, Fourth, and Ninth Amendments also protect a right to privacy;Financial Information Privacy Act, California - Financial Code sections 4050 - 4060. This law prohibits financial institutions from sharing or selling personally identifiable nonpublic information without obtaining a consumer's consent, as provided. It provides for a plain-language notice of the privacy rights it confers; The California Privacy Rights Act of 2020 (CPRA), also known as Proposition 24, is a California ballot proposition that was approved by a majority of voters after appearing on the ballot for the general election on November 3, 2020. This proposition expands California's consumer privacy law and builds upon the California Consumer Privacy Act (CCPA) of 2018, which established a foundation for consumer privacy regulations. The proposition enshrines more provisions in California state law, allowing consumers to prevent businesses from sharing their personal data, correct inaccurate personal data, and limit businesses' usage of "sensitive personal information", which includes precise geolocation, race, ethnicity, religion, genetic data, private communications, sexual orientation, and specified health information.

 Dwayne Lucious never gave permission for his private financial information to be used on 4/29/2021. The Petitioner the County of San Diego has had since 2/27/2020 to conduct discovery and Subpoena documents to support their case.(See Exhibit 1-Register of Actions) The Court under the authority of Pennie McLaughlin allowed for discovery after the trial hearing on 10/29/2020 further violating Code of Civil procedure 2031.060(f) and 2024.020.This shows how Pennie K. McLaughlin does not follow or

respect the US or California Constitution pursuant to Privacy, Due Process and Equal protection of the Law. Furthermore, Pennie K. McLaughlin showed prejudice and bias towards Dwayne Lucious while presiding over his child support case by violating California Code of Judicial Ethics Canon 3 by making Court orders on behalf of The County of San Diego for Dwayne Lucious to produce evidence such as pay stubs and w-2's. This evidence is normally sought through discovery pursuant to Code of Civil procedure 2019.010 and 2017.010. The Petitioner the County of San Diego who is a party of the case never asked the Court or Pennie McLaughlin to do discovery or produce any documents.(See Exhibit 1-Register of Actions). Instead of Pennie Mclaughlin being lady justice/Libra or mutual she took it upon herself to make a Court Order for Dwayne Lucious to produce evidence to help the County of San Diego prove their case violating The Discovery Act. Family law is civil in nature pursuant to Family Code 210. Pennie McLaughlin should not be conducting discovery on behalf of the Petitioner of the child support case when the petitioner never asked for discovery.(See Exhibit 1-Register of Actions). Also her actions violates the Civil Code of procedure 2019.010 because Pennie McLaughlin is not a party of the case but yet is Ordering Dwayne Lucious to produce evidence. This further violates Evidence Code 500 &550. The petitioner The County of San Diego had the Burden of proving their request for modification of child support. Pennie McLaughlin did not following the statutes or rule of law. And had used her power and authority to favor plaintiff with the end result of Dwayne Lucious paying the woman/female Sharayah Horne child support and financial resources while in the process of violating Dwayne Lucious Rights to Due Process and Equal Protections of Laws. Pennie McLaughlin allowed for Dwayne Lucious property to be taken away from him without due process of law therefore violating the Constitutions of the United States and California. Dwayne Lucious brought these law violations to Commissioner Pennie K. McLaughlin attention through Judicial Notices, However, she ignore the Laws. On 10/29/2020 Pennie K. McLaughlin admitted hearsay evidence pursuant Evidence Code 1200 to make her Child Support Order. (See Exhibit 2--Transcripts). For the reasons stated above Pennie K. McLaughlin operated outside of her judicial functions when presiding over Dwayne Lucious child support case. And also made a Court Order that did not follow Family Code 4053(c)and(d).

Moreover, 28 U.S. Code § 453 - Oaths of justices and judges-Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, ___ ___, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ___ under the Constitution and laws of the United States. So help me God." The oath further requires that judges disregard their personal opinions on social, political, and legal issues and scrupulously follow the law. Judicial impartiality demands that the rule of law prevail no matter how strongly a judge holds a personal view or how vehemently a judge disagrees with the law. California Code of Judicial Ethics Canon 1 - A Judge shall Uphold the Integrity and Independence of the judiciary Canon 2 - A Judge shall

Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities Canon 3 - A Judge shall Perform the Duties of Judicial Office Impartially, Competently, and Diligently- A. Judicial Duties in General-All of the judicial duties prescribed by law* shall take precedence over all other activities of every judge. In the performance of these duties, the following standards apply.  Canon 3B(1) is based upon the affirmative obligation contained in Code of Civil Procedure section 170. (2) A judge shall be faithful to the law regardless of partisan interests, public clamor, or fear of criticism, and shall maintain professional competence in the law. ADVISORY COMMITTEE COMMENTARY: Canon 3B(2) Competence in the performance of judicial duties requires the legal knowledge,  skill, thoroughness, and preparation reasonably necessary to perform a judge's responsibilities of judicial office. Canon 1 provides that an incorrect legal ruling is not itself a violation of this code.(3) A judge shall require order and decorum in proceedings before the judge.(4) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and shall require similar conduct of lawyers and of all staff and court personnel under the judge's direction and control.(5) A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, engage in speech, gestures, or other conduct that would reasonably be perceived as (a) bias, prejudice, or harassment, including but not limited to bias, prejudice, or harassment based upon race, sex, gender, gender identity, gender expression,* religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, or (b) sexual harassment.(6) A judge shall require* lawyers in proceedings before the judge to refrain from (a) manifesting, by words or conduct, bias, prejudice, or harassment based upon race, sex, gender, gender identity, gender expression, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, or (b) sexual harassment against parties, witnesses, counsel, or others. This canon does not preclude legitimate advocacy when race, sex, gender, gender identity, gender expression, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, political affiliation, or other similar factors are issues in the proceeding.(7) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the full right to be heard according to law. Unless otherwise authorized bylaw, a judge shall not independently investigate facts in a proceeding and shall consider only the evidence presented or facts that may be properly judicially noticed. This prohibition extends to information available in all media, including electronic. A judge shall not initiate, permit, or consider ex parte communications, that is, any communications to or from the judge outside the presence of the parties concerning a pending or impending proceeding, and shall make reasonable efforts to avoid such communications, except as follows:(a) Except as stated below, a judge may consult with other judges. A judge presiding over a case shall not engage in discussions about that case with a judge who has previously been disqualified from hearing that case; likewise, a judge who knows he or she is or would be disqualified from hearing a case shall not discuss that matter with

the judge assigned to the case. A judge also shall not engage in discussions with a judge who may participate in appellate review of the matter, nor shall a judge who may participate in appellate review of a matter engage in discussions with the judge presiding over the case. Canon 6 - Compliance with the Code of Judicial Ethics-A. Judges Anyone who is an officer of the state judicial system and who performs judicial functions including, but not limited to, a subordinate judicial officer, a magistrate, a court-appointed arbitrator, a judge of the State Bar Court, a temporary judge, or a special master, is a judge within the meaning of this code. All judges shall comply with this code except as provided below.

Because of Commissioner Pennie K. McLaughlin actions as set fourth in this Lawsuit she has operated outside of her judicial function and capacity and has shown when the Laws and Constitution violations where brought to her attention she had no intentions of following them or upholding the Rule of Law and the Constitution. Therefore, Judicial Immunity does not apply. The Case Law down below proves this point.

Dwayne Lucious is a pro se litigant. The standard use for attorneys can not be used for pro per or pro se litigants. See Haines v Kerner 404 U.S. 519 (1972) Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however in artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). marbury v. madison 5 U.S. (1803) establishes that the us Constitution is actually law, not just a statement of political principles or ideal It defines the boundary between the constitutionality to separate the executive and legislative branches of the Federal government. Establishes the principle of judicial review that the Court have the power to strike down laws, statutes, and some government actions that they find to violate the Constitution of the United States. Also the officer of the Court takes a oath to uphold the Constitutional Law The Supremacy Clause is a clause within Article VI of the U.S. Constitution which dictates that federal law is the "supreme law of the land." This means that judges in every state must follow the Constitution, laws, and treaties of the federal government in matters which are directly or indirectly within the government control. Separation of powers is a doctrine of constitutional law under which the three branches of government (executive, legislative, and judicial) are kept separate. This is also known as the system of checks and balances, because each branch is given certain powers so as to check and balance the other branches. See Article VI paragraph 2 of the US Constitution. Federal Preemption- When state law and federal law conflict, federal law displaces, or preempts, state law, due to the Supremacy Clause of the Constitution. U.S. Const. art. VI., § 2. Preemption applies regardless of whether the conflicting laws come from legislatures, courts, administrative agencies, or

constitutions. Chapman v. California, 386 U.S. 18 (1967), was a decision by the Supreme Court of the United States that a federal "harmless error" rule must apply, instead of equivalent state rules, for reviewing trials where federally-protected rights had been violated. 1) Violations of federally-protected rights must be governed by a federal harmless-error rule, not state rules, and 2) such errors are not harmless unless the state proves beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. Fourteenth Amendment Section 1-All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Procedural due process is a legal doctrine in the United States that requires government officials to follow fair procedures before depriving a person of life, liberty, or property. When the government seeks to deprive a person of one of those interests, procedural due process requires at least for the government to afford the person notice, an opportunity to be heard, and a decision made by a neutral decision maker. Procedural due process is required by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. In United States constitutional law, a Due Process Clause is found in both the Fifth and Fourteenth Amendments to the United States Constitution, which prohibits arbitrary deprivation of "life, liberty, or property" by the government except as authorized by law. The U.S. Supreme Court interprets these clauses broadly, concluding that they provide three protections: procedural due process (in civil and criminal proceedings); substantive due process, a prohibition against vague laws; and as the vehicle for the incorporation of the Bill of Rights. substantive due process is a principle allowing courts to protect certain fundamental rights from government interference, even if procedural protections are present or the rights are unenumerated (i.e., not specifically mentioned) elsewhere in the US Constitution. Courts have identified the basis for such protection from the due process clauses of the Fifth and Fourteenth Amendments to the Constitution, which prohibit the federal and state governments, respectively, from depriving any person of "life, liberty, or property, without due process of law". Substantive due process demarcates the line between the acts that courts hold to be subject to government regulation or legislation and the acts that courts place beyond the reach of governmental interference. Whether the Fifth or Fourteenth Amendments were intended to serve that function continues to be a matter of scholarly as well as judicial discussion and dissent. Equal Protection refers to the idea that a governmental body may not deny people equal protection of its governing laws. The governing body state must treat an individual in the same manner as others in similar conditions and circumstances. Equal protection forces a state to govern impartially—not draw distinctions between individuals solely on differences that are irrelevant to a legitimate governmental objective. Thus, the equal protection clause is crucial to the protection of civil rights. 42 U.S.C. § 1983 - "Every person who, under

color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. the exclusionary rule is a legal rule, based on constitutional law, that prevents evidence collected or analyzed in violation of the defendant's constitutional rights from being used in a court of law. A prophylactic rule is a judicially crafted rule that overprotects a constitutional right, and gives more protection than such right might abstractly seem to require on its face, in order to safeguard that constitutional right or improve detection of violations of that right.

Fruit of the poisonous tree is a legal metaphor used to describe evidence that is obtained illegally. The logic of the terminology is that if the source (the "tree") of the evidence or evidence itself is tainted, then anything gained (the "fruit") from it is tainted as well. None of the evidence used while Pennie McLaughlin presided over the child support case should had been used because the evidence attain violated the Rule of Court, Privacy, Due Process and Equal Protection of Laws guaranteed by the Constitution of the United States. "There are two exceptions to absolute judicial immunity: (1) when the judge's actions are taken outside his/her role as a judge, i.e., entirely non-judicial conduct, or (2) when the judge's actions are taken in the complete absence of jurisdiction." See also Mireles, 502 U.S. at 11-13; Stein, 520 F When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost. Rankin v. Howard, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326. When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he/she may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction. State use of Little v. U.S. Fidelity & Guaranty Co., 217 Miss. 576, 64 So. 2d 697. The courts are not bound by an officer's interpretation of the law under which she presumes to act." Hoffsomer v. Hayes, 92 Okla 32, 227 F 417. Injunctive Relief- Importantly, the Eleventh Amendment does not preclude suits against state officers and employees in their official capacity seeking prospective injunctive relief—that is, a court order requiring the defendant to take, or to refrain from taking, certain actions to protect the plaintiff's rights. Ex parte Young, 209 U.S. 123 (1908). Federal Rules of Civil Procedure, Rule (b) Capacity to sue or be sued is determined as follows: (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; (2) for a corporation, by the law under which it was organized; and (3) for all other parties, by the law of the state where the court is located, except that: (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and (B) 28 U.S.C. §§754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question.'" Garmon, 828 F.3d at 843 (quoting Burns v. Reed, 500 U.S. 478, 486 (1991)). An absolute immunity defeats a suit [for damages] at the outset, so long as the official's actions were within the scope of the immunity." Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976); see also Sellars v. Procunier, 641 F.2d 1295, 1297 n.4 (9th Cir. 1981). An absolute immunity defeats a suit [for damages] at the outset, so long as the official's actions were within the scope of the immunity." Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976); see also Sellars v. Procunier, 641 F.2d 1295, 1297 n.4 (9th Cir. 1981). State officials sued in their official capacity for damages are not persons for purposes of § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Flint v. Dennison, 488 F.3d 816, 824–25 (9th Cir. 2007); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Aguon v. Commonwealth Ports Auth., 316 F.3d 899, 901 (9th Cir. 2003); DeNieva v. Reyes, 966 F.2d 480, 483 (9th Cir. 1992) State officials sued in their personal capacity are persons for purposes of § 1983. See Hafer v. Melo, 502 U.S. 21, 31 (1991); Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) (explaining the Eleventh Amendment does not bar claims for damages against state officials in their personal capacities); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003); DeNieva v. Reyes, 966 F.2d 480, 483 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. See id. at 166. The official in a personal-capacity suit may, depending upon the facts, be able to establish immunity from claims for damages. See id. at 166–67 State officials sued in their personal capacity are persons for purposes of § 1983. See Hafer v. Melo, 502 U.S. 21, 31 (1991); Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) (explaining the Eleventh Amendment does not bar claims for damages against state officials in their personal capacities); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003); DeNieva v. Reyes, 966 F.2d 480, 483 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. See id. at 166. The official in a personal-capacity suit may, depending upon the facts, be able to establish immunity from claims for damages. See id. at 166–67 capacities"); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003); Ashker v. Cal. Dep't of Corr., 112 F.3d 3.

While acting under the color of law and authority Pennie K. McLaughlin deprived Dwayne Lucious of his Constitutional right to Due Process, Privacy and Equal Protection of Laws(See all Exhibits and the Case Law Provided).

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. See Buckley v. City of

Redding, 66 F.3d 188, 190 (9th Cir. 1995); Demery v. Kupperman, 735 F.2d 1139, 1146 (9th Cir. 1984). Section 1983 can provide a cause of action against persons acting under color of state law who have violated rights guaranteed by federal statutes. See Gonzaga Univ. v. Doe, 536 U.S. 273, 279 (2002); Blessing v. Freestone, 520 U.S. 329, 340–41 (1997); Pennhurst State Sch. & Hosp. v. Halderman, 451 U.S. 1, 28 (1981); Maine v. Thiboutot, 448 U.S. 1, 4 (1980); Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012); Cal. State Foster Parent Ass'n v. Wagner, 624 F.3d 974, 978–79 (9th Cir. 2010); AlohaCare v. Haw., Dep't of Human Servs., 572 F.3d 740, 745 (9th Cir. 2009); Ball v. Rodgers, 492 F.3d 1094, 1103 (9th Cir. 2007); Legal Servs. of N. Cal., Inc. v. Arnett, 114 F.3d 135, 138 (9th Cir. 1997). Some decisions have stated that there is a presumption that § 1983 provides a remedy for violations of federal statutes. See Livadas v. Bradshaw, 512 U.S. 107, 133 (1994); Almond Hill Sch. v. USDA, 768 F.2d 1030, 1035 (9th Cir. 1985); Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1470 (9th Cir. 1984). For a statutory provision to be privately enforceable, however, it must create an individual right. Blessing, 520 U.S. at 340; Henry A., 678 F.3d at 1005. "Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also Pistor v. Garcia, 791 F. 3d 1104, 1114 (9th Cir. 2015); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); Ortez v. Wash. Cty., Or., 88 F.3d 804, 810 (9th Cir. 1996). Although the standard for stating a claim became stricter after Twombly and Iqbal, the filings and motions of pro se inmates continue to be construed liberally. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended) (explaining that Twombly and Iqbal "did not alter the courts' treatment of pro se filings," and stating, "[w]hile the standard is higher [under Iqbal], our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." (internal citation omitted)). The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30–31 (1991); Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) (stating the Eleventh Amendment does not "bar claims for damages against state officials in their personal capacities"); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003); Ashker v. Cal. Dep't of Corr., 112 F.3d 392, 394–95 (9th Cir. 1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). "[W]hen a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity." Mitchell, 818 F.3d at 442 (citing Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999)). Generally, exhaustion of state judicial or state administrative remedies is not a prerequisite to bringing an action under § 1983. Patsy v. Bd. of Regents, 457 U.S. 496,

500 (1982) . Pennie k McLaughlin had told Dwayne Lucious "that he had no rights" when conducting a hearing for child support. Pennie K Roberts has displayed through her actions she is not operating judicially or in compliance with the rule of law or state and federal Constitutions, but on her own accord as if she is above the law and does not need to follow the law that the legislators put in place or uphold the oath she took to the Constitution.

By Pennie K. McLaughlin action she showed a criminal mind that she would not uphold the Rule of Law. This is omission-Alternately, the actus reus requirement can also be satisfied by an omission. This is true only when the individual had a duty to act, and failed to act. "Generally, for the purposes of criminal liability, an individual may be under a duty to act if:

• A statute requires a person to act in a certain way.

• A contract requires a person to act in a certain way.

• Some special status relationship exists that creates a duty to act in a certain way (i.e. parental responsibilities).

• A voluntary assumption of care creates a duty to act in a certain way.

Pennie K. McLaughlin displayed Mens Rea. Mens Rea refers to criminal intent. The literal translation from Latin is "guilty mind." The plural of mens rea is mentes reae. A mens rea refers to the state of mind statutorily required in order to convict a particular defendant of a particular crime. See, e.g. Staples v. United States, 511 US 600 (1994). Establishing the mens rea of an offender is usually necessary to prove guilt in a criminal trial. The prosecution typically must prove beyond reasonable doubt that the defendant committed the offense with a culpable state of mind. Justice Holmes famously illustrated the concept of intent when he said "even a dog knows the difference between being stumbled over and being kicked."

The mens rea requirement is premised upon the idea that one must possess a guilty state of mind and be aware of his or her misconduct; however, a defendant need not know that their conduct is illegal to be guilty of a crime. Rather, the defendant must be conscious of the "facts that make her conduct fit the definition of the offense."

Is the Family Court and Pennie K. McLaughlin above the law and does need to follow the law, case law, rules of court and  the US & California Constitutions of the United States of America?