UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LUCIOUS,<br><br>                        Plaintiff,<br><br>v.<br><br>PENNIE K. MCLAUGHLIN,<br><br>                        Defendant. | Case No.:  22-cv-1261-JAH-NLS<br><br>**1.  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, [Doc. No. 2];**<br><br>**2. DISMISSING COMPLAINT WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii), [Doc. No. 1].** |

### I.   INTRODUCTION

On August 26, 2022, Dwayne Lucious ("Plaintiff"), proceeding *pro se*, filed a complaint seeking damages against San Diego Superior Court Commissioner Hon. Pennie K. McLaughlin ("Defendant") for a violation of his civil rights under 42 U.S.C. § 1983. Civil filing fees, as required by 28 U.S.C. § 1914(a), were not paid at the time of filing. Instead, a motion for leave to proceed *in forma pauperis* ("IFP") was filed, pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.  After a careful review of the pleadings and for the reasons set forth below, the Court (1) **GRANTS** the motion for leave to proceed IFP, (Doc. No. 2); and (2) **DISMISSES WITH PREJUDICE** the Complaint, (Doc. No. 1).

///

///

1

## II.   DISCUSSION

**A.   Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee.  *See* 28 U.S.C. § 1915(a).

In support of his motion, Plaintiff has submitted an application to proceed in district court without prepaying fees or costs.  *See* Doc. No. 2.  The application indicates that Plaintiff is unemployed and does not have any other sources of income.  *Id.* at 1.  Moreover, the application indicates that Plaintiff only has $53.47 in cash or in a checking or savings account.  *Id.* at 2.  Plaintiff has monthly expenses of $50.00, resulting in a net disposable income of ($50.00) per month.  *Id.*  He indicates no other assets of value.  *Id.*  Based on these representations, the Court finds that Plaintiff is unable to pay the required statutory fee.  Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

**B.   Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

    **1.   Standard of Review**

Pursuant to 28 U.S.C. § 1915(a), a plaintiff who seeks leave to proceed IFP, subjects their Complaint to *sua sponte* review, and mandatory dismissal, if the action or appeal "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks

---

[1]   In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 537-38 (2015) (pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (iii) seeks monetary relief against a defendant who is immune from such relief."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

### 2. Analysis

"It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967)). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This absolute immunity extends to court commissioners. *Franceschi v. Schwartz*, 57 F.3d 828, 830-31 (9th Cir. 1995) (holding that a commissioner "performing 'judge-like functions' that were not clearly outside the scope of [their] jurisdiction" is judicially immune from civil damages liability). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Only two sets of circumstances can overcome judicial immunity[2]: (1) "a judge is not immune from liability for nonjudicial actions," or (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Plaintiff's complaint primarily contains conclusory claims that Defendant violated his due process, privacy, and equal protection rights secured by the United States

---

[2] "Although sovereign immunity bars money damages and other retrospective relief against a state or instrumentality of a state, it does not bar claims seeking prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016). In the Complaint, Plaintiff requests declaratory and injunctive relief, however, the specific requests for relief from this Court appear to be compensation and/or relief for past judicial action, not ongoing or prospective harm. *See* Doc. No. 1 at 5.

Constitution under the Fifth and Fourteenth Amendments. From what this Court can discern, Plaintiff alleges during child support proceedings on October 29, 2020, and April 29, 2021, over which Defendant presided, (1) Defendant talked rudely and disrespectfully towards Plaintiff during the proceedings, and muted/silenced Plaintiff when he attempted to give his defense and object to the evidence being used against him, (Doc. No. 1 at 4); (2) Plaintiff never authorized the court to obtain his personal financial information, and Defendant allowed the information obtained without Plaintiff's permission to be used as evidence in the child support calculation, (*id.* at 9-10); and (3) the child support order approved by Defendant resulted in wage garnishment, causing Plaintiff to go into debt, (*Id.* at 5). Plaintiff also alleges that Defendant intentionally violated the law, resulting in a deprivation of his "civil rights and liberties." (*Id.* at 5). All of the actions described by Plaintiff above are normal judicial actions taken in the course of family court proceedings over which Defendant had jurisdiction. Because the facts submitted by Plaintiff do not demonstrate either of the circumstances that can overcome judicial immunity, the claims against Defendant are barred by absolute judicial immunity and any amendment to overcome this immunity would be futile. Therefore, the Complaint is **DISMISSED WITH PREJUDICE**.

### III.   CONCLUSION

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), (Doc. No. 2), is **GRANTED**; and

2. The Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**IT IS SO ORDERED.**

DATED: February 14, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE